IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Leroy Luckette, | ) | C/A No. 0:09-1101-CMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| McKither Bodison, LCI Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Leroy Luckette ("Luckette"),[1] a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment. (Docket Entry 29.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 31.) Luckette filed a response in opposition to the respondent's motion. (Docket Entry 37.) Also pending in this matter are Luckette's motions for a default judgment and a declaratory judgment (Docket Entry 28), to which the respondent filed a response in opposition (Docket Entry 36). Additionally, Luckette moves for a "directed verdict" in his response to the respondent's motion for an extension of time. (Docket Entry 38.) These motions are now before the court for a Report and Recommendation. Having carefully considered the parties' submissions and the record in this case, the court finds that Luckette's Petition is untimely.

---

[1] Luckette's petition and the record in this case contains references to both "Luckette" and "Luckett."



# BACKGROUND

Luckette was indicted in November 2000 in Orangeburg County for armed robbery (00-GS-38-1776), assault and battery with intent to kill ("ABWIK") (00-GS-38-1772), and failure to stop for a blue light (00-GS-38–1774).[2]  (App. at 89-94; Docket Entry 30-2 at 35-40.)  Luckette was represented by Margaret Hinds, Esquire, and on May 18, 2001, pled guilty to armed robbery, ABWIK, and failure to stop for a blue light.  (App. at 6, Docket Entry 30-1 at 8.)  The circuit court sentenced Luckette to thirty years' imprisonment for armed robbery; a twenty-year consecutive sentence of imprisonment for ABWIK; and a three-year concurrent sentence of imprisonment for failure to stop for a blue light, for an aggregate sentence of fifty years' imprisonment.  (App. at 9, Docket Entry 30-1 at 11.)

Luckette filed a direct appeal and was represented by Wanda H. Haile, Esquire, Senior Assistant Appellate Defender of the South Carolina Office of Appellate Defense.  On April 24, 2002, Haile filed an Anders[3] brief and a petition to be relieved as counsel.  (App. at 33-43, Docket Entry 30-1 at 35-45.)  In her brief, Haile presented the following issue: "The lower court erred in accepting appellant's guilty pleas without advising him of the sentencing consequences thereof."  (App. at 36, Docket Entry 30-1 at 38.)  On October 29, 2002, Haile filed a letter with the South Carolina Court

---

[2] Luckette was also indicted for burglary, possession of a stolen vehicle, and grand larceny of a vehicle.  The State dismissed these charges at the May 18, 2001 hearing.  (See App. at 3, Docket Entry 30-1 at 5.)

[3] Anders v. California, 386 U.S. 738 (1967).  Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  Anders, 386 U.S. at 744.



of Appeals informing them that Luckette's indictment for failure to stop for a blue light (00-GS-38–1774) was not true-billed or signed by the grand jury foreman and arguing that Luckette's conviction on that indictment should be vacated. (Docket Entry 30-5.) The South Carolina Court of Appeals conducted an Anders review of the record and issued an order dated December 9, 2002 in which it determined that the only issue of arguable merit concerned the validity of the indictment for failure to stop for a blue light. (Docket Entry 30-6.) Accordingly, the Court instructed the parties that unless they could produce a valid indictment or present evidence of jurisdiction within thirty days, Luckette's conviction for failure to stop for a blue light would be vacated. (Id.) The State was not able to produce a copy of the indictment that differed from the copy already before the court. (Docket Entry 30-8.) The South Carolina Court of Appeals issued an order filed February 5, 2003 in which it vacated Luckette's conviction for failure to stop for a blue light and affirmed Luckette's convictions for ABWIK and armed robbery. (State v. Luckette, 2003-UP-104 (S.C. Ct. App. Feb. 5, 2003), Docket Entry 30-9.) The remittitur was issued on February 21, 2003. (Docket Entry 30-10.)

On March 19, 2004, Luckette filed a *pro se* application for post-conviction relief ("PCR").[4] (See Luckette v. State of South Carolina, 04-CP-38-389; App. at 22-27, Docket Entry 30-1 at 24-29.) The State filed a return and moved for dismissal on the ground that Luckette's PCR Application was not timely filed. (App. at 28-32, Docket Entry 30-1 at 30-34.) On June 26, 2006, the PCR court held an evidentiary hearing at which Luckette appeared and testified and was represented by C. Bradley

---

[4] The file stamp on this document is illegible, however both parties are in agreement that Luckette's PCR application was filed with the court on March 19, 2004. (See Respt's Ret. & Mem. Supp. Mot. Summ. J., Docket Entry 30 at 3; Petr's Resp. Opp'n Mot. Summ. J., Docket Entry 37 at 6.)

PJG

Hutto, Esquire. (App. at 45-81, Docket Entry 30-1 at 47 through Docket Entry 30-2 at 27.) By order filed September 5, 2006, the PCR judge denied and dismissed Luckette's PCR application. (App. at 82-87, Docket Entry 30-2 at 28-33.)

Luckette appealed. Pursuant to South Carolina Appellate Court Rule 243(c),[5] PCR counsel provided the South Carolina Supreme Court with an explanation as to why the PCR judge's determination that Luckette's PCR was untimely was improper. (Docket Entry 30-11.) During his appeal, Luckette was represented by Robert M. Pachak, Esquire. On May 22, 2007, Pachak filed a <u>Johnson</u>[6] petition for a writ of certiorari and a petition to be relieved as counsel in which he presented the following question: "Whether petitioner was denied due process when his application was barred by the post-conviction relief statute of limitations?" (Docket Entry 30-12.) In an order filed May 14, 2008, the South Carolina Court of Appeals denied Luckette's petition for a writ of certiorari. (Docket Entry 30-13.) The remittitur was issued May 30, 2008. (Docket Entry 30-14.)

After the dismissal of his PCR action, Luckette submitted documents to the state court entitled "Notice of Petition and Motion for Relief from Judgement or Order Brought Forth Pursuant to Rule 60(B)(1) of the S.C.R.C.P." dated June 5, 2008 and "Notice of Amendment to Petition and Motion for Relief from Judgement [*sic*] or Order Brought Forth Pursuant Rule 60(B)(1) of the S.C.R.C.P. and Rule 15(c) S.C.R.C.P." dated June 20, 2008. (Docket Entry 30-15.) The State filed a return. (Docket Entry 30-16.) On October 10, 2008, the court issued an order denying Luckette's Rule 60(b) motion. (Docket Entry 30-17.)

---

[5] Formerly cited as SCACR Rule 227(c).

[6] <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988) (applying the factors in <u>Anders v. California</u>, 386 U.S. 738 (1967) to post-conviction appeals).



Luckette again appealed. (Docket Entry 30-18.) The South Carolina Supreme Court informed Luckette in a letter dated November 21, 2008 that he needed to provide the court with copies of the orders being challenged on appeal within ten days or his appeal would be dismissed. (Docket Entry 30-19.) In a letter order dated December 8, 2008, the South Carolina Supreme Court endorsed Luckette's request to withdraw his appeal. (Docket Entry 1-1 at 80.) The remittitur was issued December 29, 2008. (Docket Entry 1-1 at 81.)

## FEDERAL HABEAS ISSUES

Luckette filed the instant Petition for a writ of habeas corpus on April 27, 2009. (Docket Entry 1.) In his Petition, Luckette raises the following issues:

**Ground One:** Ineffective Assistance of Counsel during Plea Hearing held on May 18th, 2001; counsel didn't explain the law in relation to the facts.

**Ground Two:** My Guilty Plea was made under false pretense and therefore Breached, made unknowing and involuntary void pertinent facts and omissions - of the same thereof.

**Ground Three:** The lower court erred in accepting a plea of guilt without advising me first of all of [] the sentencing consequences nor of all sentencing guidelines that applied and therefore rendered my plea of guilt invalid, unknowing, and unintelligently made in essence.

**Ground Four:** The Court of General Sessions lacked Subject Matter Jurisdiction to accept Petitioners guilty plea and therefore sentence should be relieved.

**Ground Five:** Petitioner believes that Grand Jury lacked minorities of Hispanics, such as Mexicans, Puerto Ricans and Cubans.

**Ground Six:** There has been a miscarriage of justice which Petitioner says shows clear and plain neglect For Petitioner's life and well being; a clearly definable violation of my Federal rights has been trespassed upon - which constitutes ground(s) for Petitioner's discharge.

**Ground Seven:** Petitioner says that the Trial/Plea hearing Judge did not afford me the full aspects and scope of the Due Process protection of the law. He in neglecting



His duty and responsibility to uphold the scope of the law to every defendant - violated my constitutional rights.

**Ground Eight:** Petitioner believes that his indictments are flawed, possibly forged and thus invalid.

(Docket Entry 1 at 5-27) (errors in original).

## DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(e).  Further, while

PJG

the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## B.      Statute of Limitations

The respondent argues that Luckette's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Luckette filed a direct appeal, his conviction became final on February 21, 2003, the date the South Carolina Court of Appeals entered the remittitur.[7]  See Rules 203(b)(2), 221, & 242, SCACR. Accordingly, the limitations period began to run on February 22, 2003 and expired on February 21, 2004, unless the

---

[7] Because Luckette did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort). The court observes that on February 19, 2009,  the South Carolina Supreme Court stated that it "will no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an Anders review." State v. Lyles, 673 S.E.2d 811, 813 (S.C. 2009). However, Lyles had not been issued at the time of Luckette's direct appeal. Therefore, South Carolina Supreme Court discretionary review was available and a prerequisite to seeking certiorari review from the United States Supreme Court.



period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Luckette filed his state PCR application on March 19, 2004; however, this application was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). To toll the one-year statute of limitations period governing federal habeas petitions, state PCR proceedings must commence prior to the expiration of the federal statutory period. See 28 U.S.C. § 2244(d). Thus, Luckette's PCR action did not toll or revive the already expired statute of limitations for filing his federal habeas action. Even if Luckette's PCR application had been filed prior to the expiration of the federal statutory period, it was not "properly filed" within the meaning of § 2244(2), and accordingly would not have tolled Luckette's federal habeas deadline.[8] See 28 U.S.C. § 2244(d); Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005) (finding that a petitioner's petition for writ of habeas corpus was not properly filed within the meaning of § 2254 because the petitioner's state post-conviction petition was dismissed by a state court as untimely).

Luckette's federal Petition was filed on April 23, 2009. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). Accordingly, Luckette filed his federal habeas Petition well

---

[8] The court notes that Luckette also subsequently filed documents with the state court, (Docket Entry 30-15); however, these documents were also filed after the expiration of Luckette's February 21, 2004 federal habeas deadline and did not toll or revive the already expired statute of limitations.



after the one-year statutory limitations period expired on February 21, 2004 pursuant to § 2244(d)(1)(A).

## C.     Luckette's Response

In his response to the respondent's argument that his federal Petition was untimely filed, Luckette appears to present two arguments. First, Luckette appears to argue that pursuant to § 2244(d)(1)(B), the statute of limitations should not begin to run until the issuance of the remittitur from either his PCR appeal or his appeal of the order denying his Rule 60(b) motion. Section 2244(d)(1)(B) provides that the one-year statute of limitations shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Luckette's reliance on this provision is misplaced, as neither Luckette's PCR action nor his Rule 60(b) motion are "impediments" created by State action. Further, § 2244(d)(2) provides that the time that any *properly filed* PCR or other collateral review is pending will not be counted toward any period of limitation. Luckette cannot demonstrate how his pending state matters prevented him from pursuing this Petition within the prescribed statute of limitations. See Dunker v. Bissonnette, 154 F. Supp. 2d 95, 105-106 (D. Mass. 2001) (stating that there must be a "causal connection" between the impediment and the untimely filing).

Second, Luckette appears to argue that he is entitled to equitable tolling. Luckette submits that the PCR court erred in dismissing his PCR application as untimely and that he has been diligently pursuing his rights. To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Luckette must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, __ S. Ct. __, 2010 WL



2346549 (June 14, 2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

As stated above, Luckette's PCR application was dismissed as untimely filed. Luckette alleged that he mailed his first PCR application to the state courts in late August 2003. In January 2004, Luckette inquired into the status of his application and by letter dated February 6, 2004, Luckette was informed that the state court never received an application from Luckette. Luckette testified that he received this letter a couple of days later, which was well before the February 21, 2004 deadline to timely file his state PCR application. However, Luckette did not file a second application until March 19, 2004 and has failed to adequately explain the reason for this delay. Further, upon completion of Luckette's PCR appeal, rather than immediately seeking federal habeas relief, he filed a motion for relief from judgment with the state trial court. The court finds that the facts and circumstances in this case do not constitute the type of extraordinary circumstances or

diligence justifying equitable tolling. See Holland, 2010 WL 2346549 at *12 (stating that the exercise of equitable powers must be made on a case-by-case basis and flexible to meet the new situations that demand equitable intervention).

Further, to the extent that Luckette argues that he is entitled to equitable tolling based on his assertion that the state court misapplied state law in determining that his PCR application was untimely, such a claim is unavailing. In applying equitable tolling, a court must inquire whether it "may excuse a petitioner's failure to comply with *federal* timing rules, an inquiry that does not implicate a state court's interpretation of state law." Holland, 2010 WL 2346549 at *12 (emphasis in original). Finally, Luckette argues that he is "disabled" simply by virtue of being a prisoner and therefore is entitled to equitable tolling. Unsurprisingly, Luckette has provided no controlling authority supporting this argument, since if that were the law, every untimely habeas petition filed by a prisoner would be subject to equitable tolling, which would effectually eviscerate the one-year statute of limitations.

**D.     Luckette's Motions**

Also pending before the court is Luckette's motion seeking a default judgment and declaratory judgment against the respondent based on the respondent's alleged failure to timely file a return to his habeas petition. (Docket Entry 28.) However, a review of this case shows that a default judgment is not appropriate.

First, the court notes that default judgments are not available in habeas actions. Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R.

Civ. P. 55(a). However, habeas petitioners should not receive a default judgment under normal circumstances. See Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); see also Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) (noting that "a default judgment is not contemplated in habeas corpus cases"); Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970) ("Rule 55(a) has no application in habeas corpus cases."); Garland v. Warden, 2008 WL 4834597 (D.S.C. 2008) (unpublished). Second, the court further observes that on August 29, 2009—the respondent's initial deadline—the respondent filed a motion requesting an extension of time. (Docket Entry 24.) This motion was granted by the court, extending the respondent's deadline until September 28, 2009—the date on which the respondent filed its return and motion for summary judgment. Thus, the return was timely filed in any event.

Additionally, Luckette filed a document entitled in part "Motion for Directed Verdict" in which he essentially seeks a judgment in his favor based on his allegation that the respondent failed to timely respond or seek an extension of time to respond to his motion for declaratory judgment and motion for default judgment. (Docket Entry 38.) The court observes that the respondent timely moved for an extension of time in which to file a response to Luckette's motions, (Docket Entry 33), which was granted by the court. The respondent then timely filed a response in opposition to Luckette's motions. (Docket Entry 36.) Moreover, the alleged failure of the respondent to timely respond to Luckette's *motion* would not entitle him to a judgment, default or otherwise, in any event.

Accordingly, Luckette's motions should be denied. (Docket Entries 28 & 38.)



## RECOMMENDATION

Luckette's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 29) be granted. The court further recommends that Luckette's motion for declaratory judgment, motion for default judgment, and motion for a directed verdict be denied. (Docket Entries 28 & 38.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 17, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).